# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| EDWARD L. CLEMMONS, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) | Case No. 11-cv-1096 |
| GUY PIERCE, *Warden*, | ) ) ) | |
| Respondent. | ) ) ) | |

## O P I N I O N  &  O R D E R

Before the Court is Petitioner Edward L. Clemmons' Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. 1), filed on March 14, 2011. Petitioner has also filed a Motion for Leave to Proceed in forma pauperis (Doc. 3) and a Motion to Appoint Counsel (Doc. 2). The Court reviews Petitioner's Petition pursuant to Rule 4 of the Rules Governing § 2254 Cases.

Based upon Petitioner's own allegations in his § 2254 Petition, it is clear that this is at least his third (and arguably his fourth or fifth) petition for federal habeas relief. (Doc. 1 at 10-15). Petitioner filed his first § 2254 petition in 1990 under *Clemmons v. Davies*, No. 90-cv-3035, 1992 WL 50579 (D. Kan. Feb. 25, 1992), and his second in 1994, which was dismissed as successive and affirmed by the Tenth Circuit Court of Appeals in *Clemmons v. Stotts*, 48 F.3d 1231 (10th Cir. 1995). In addition, in April 2004, Petitioner filed a motion for reconsideration of his 1990 § 2254 petition, which the Tenth Circuit construed as a second or successive habeas petition for which it denied authorization. *Clemmons v. Davies*, 198 Fed. Appx. 763

(10th Cir. 2006). Finally, on August 23, 2007, Petitioner filed a § 2254 Petition with the Central District of Illinois, which Judge Mihm dismissed for lack of jurisdiction as a second or successive petition for habeas relief without proper authorization. *Clemmons v. Jones*, No. 07-cv-1221, 2008 WL 548638 (C.D. Ill. Feb. 26, 2008).

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244 limits the Court's ability to review second or successive habeas petitions arising under § 2254. The provision states that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed" unless it meets several express criteria. 28 U.S.C. § 2244(b)(2). However, the provision also provides that the determination of whether the criteria have been met is to be first made by an appropriate court of appeals, rather than the district court. 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

Because Petitioner has already filed several habeas petitions within the federal court system, his instant § 2254 Petition is successive. Petitioner was therefore required to receive authorization from the Seventh Circuit Court of Appeals before filing his Petition with this Court. Petitioner failed to do so. Accordingly, this Court is without jurisdiction to consider Petitioner's instant § 2254 Petition until such time as he receives authorization from the Court of Appeals, and his Petition is DISMISSED for lack of jurisdiction. Moreover, Petitioner's Motion to

Appoint Counsel (Doc. 2) and Motion for Leave to Proceed in forma pauperis (Doc. 3) are hereby rendered MOOT. IT IS SO ORDERED.

CASE TERMINATED.

Entered this <u>14th</u> day of March, 2011.

                                                   s/ Joe B. McDade
                                                JOE BILLY McDADE
                               United States Senior District Judge